## United States District Court, Northern District of Illinois

554

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6891 | **DATE** | 2/23/2004 |
| **CASE TITLE** | Euther Sadler vs. Jo Anne B. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The court grants Plaintiff's application (Doc. No. 27-1, 2) in part and denies it in part. Judgment entered in favor of Plaintiff on his petition for fees and costs.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 31 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/23/2004 | |
| | | | date mailed notice | |
| | ETV | courtroom deputy's initials | | |
| | | | ETV | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

EUTHER SADLER,  )
)
Plaintiff,  )
)
v.  ) No. 02 C 6891
)
JO ANNE B. BARNHART,  ) Judge Rebecca R. Pallmeyer
Commissioner of Social Security,  )
)
Defendant.  )

## MEMORANDUM OPINION AND ORDER

On March 24, 2003, the parties to this appeal from the denial of Social Security Disability benefits filed their joint stipulation for remand. The court ordered the case remanded to the Commission of the Social Security pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings. Plaintiff now seeks an award of some $3,958.63 in attorneys fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Defendant does not challenge Plaintiff's entitlement to an award of fees as a prevailing party in this matter, nor does Defendant object to the hourly rates claimed by Plaintiff's counsel for services in 2002 and 2003. Defendant does, however, object to some of counsel's time entries and to the $100 hourly rate requested for paralegal services. For the reasons explained here, the objections are sustained in part and overruled in part.

### Objections to Time Entries

1. Defendant objects to Plaintiff's time entries of 3/10/03 (1.5 hours), 3/11/03 (.25 hours) and 3/14/03 (3 hours), which Defendant characterizes as time devoted to seeking an extension of time for filing of the summary judgment brief. In fact, however, Paralegal Aloe also drafted the motion and notice, set the time for appearance, and began drafting the "testimony portion" of the motion for summary judgment. Defendant's mischaracterization of the time entries

31

is unfortunate, and her objection to these 4.75 hours is overruled.

2. Defendant objects to time recorded on 3/19/03 for efforts to prepare for the administrative hearing. The date for this entry appears to be inaccurate, and Plaintiff concedes the activity is not properly compensable. The objection to 1.25 hours of attorney time on 3/19/03 is sustained.

3. Defendant objects to 1.5 hours she claims were devoted to filing the complaint and accompanying documents. Defendant has not identified the time entries to which she objects, however, and Plaintiff insists that despite references to filing, counsel himself does not perform such clerical activities. This objection is overruled.

4. Defendant objects to .5 hours devoted to receiving, reviewing, and docketing "sign-up" forms from Plaintiff's client on 7/31/02. The court is uncertain what forms Plaintiff refers to here. Plaintiff responds to the objection by saying "[i]t is unclear how 30 minutes spent reviewing a new case is excessive." The court notes that referring to an appeal as a "new case" may not be fair where counsel has represented the client at the administrative stage. Nevertheless, a one-half hour entry for intake procedures is not unreasonable. The objection is overruled.

5. Defendant objects to a 15-minute entry on 9/30/02 for a phone call to the client concerning his application for *in forma pauperis* status. The court agrees with Plaintiff that a quarter of an hour for reviewing the file to check the status of this matter and placing a phone call is reasonable. The objection is overruled.

6. Defendant objects to a 15-minute entry by Paralegal Blaz on 10/8/02 for review of a minute order and another 15-minute entry by Attorney Daley on 2/8/03 for review of a minute order. Again, the court agrees with Plaintiff that it is not unreasonable for counsel to have devoted this amount of time to reviewing an order and making any necessary scheduling entries. The objection is overruled.

7. Defendant objects to time devoted to opposing Defendant's request for an extension

of time on December 12, 2002 and suggests that the time on this motion should be "reduced to 1.5 hours, including time spent on motion call." The court is puzzled by this objection. The time entries for December 12 include .25 hours for a phone call, .5 hours for another call and to begin drafting a motion to reconsider, and 1.0 hours for further revisions to that motion. There is no 12/12/02 time entry for appearance at the motion call. It thus appears that the time spent on this motion on 12/12/02 is no more than 1.5 hours – precisely the amount of time Defendant approves. This objection is overruled as moot.

8. Defendant objects to 1.25 hours on 1/10/03 devoted by Paralegal Blaz to reviewing another motion for extension of time and completing a memorandum in opposition to that request. Plaintiff insists that the two documents are different, but the court notes that the concerns addressed in them are identical. In any event, Plaintiff's counsel did not prevail completely on either of his objections to the extensions requested by Defendant. The objection to 1.25 hours on 1/10/03 is sustained.

9. Defendant objects to four hours devoted by Paralegal Aloe on 2/4/03 to reading the record of the administrative hearing; reviewing regulations, the *Dictionary of Occupational Titles*, statistics, and research; and discussing possible arguments with a colleague. Defendant objects, further, to three hours that Paralegal Aloe spent on 3/14/03 summarizing what Defendant contends is no more than 30 pages of hearing testimony. Defendant believes this is unreasonable because the same firm represented Plaintiff before the Social Security Administration and therefore should have been familiar with the issues in the case. She asks that the court reduce the time request to one hour for the initial review and to .5 hours for the summary of testimony. Plaintiff responds by arguing that "pre-briefing hours" were a function of Defendant's own delay in filing the answer and administrative record. The court nevertheless believes a modest reduction is appropriate in the amount of hours devoted to preparing this brief, and will reduce the time spent summarizing record testimony by one hour, to a total of six hours for Paralegal Aloe's work preparing the memorandum

3

of law.

**Hourly Rates for Paralegal Time**

Plaintiff seeks an award of $100.00 per hour for work performed by Paralegal Suzanne E. Blaz and Law Student Heather Aloe. Defendant objects to the hourly rate and asks the court to reduce it to $25.00 per hour. Plaintiff insists the rate is justified for each of these professionals. Ms. Blaz is a graduate of the University of Wisconsin, has completed paralegal training, and was scheduled to enter law school last fall. She has worked with Attorney Daley on Social Security matters for a year and a half and has excellent writing skills. Heather Aloe is a second-year law student near the top of her class at the Chicago-Kent College of Law, where she holds an editorial position with a law journal. Plaintiff notes that unlike the assistants whose work was at issue in *Victor v. Apfel*, No. 97 C 386, 1997 WL 733930 (N.D. Ill. Nov. 18, 1997) and *Taylor v. Barnhart*, No. 00 C 7782, 2002 WL 31654944 (N.D. Ill. Nov. 22, 2002), cited by Defendant, the work performed by Ms. Aloe and Ms. Blaz was substantive legal research and drafting. Finally, Plaintiff urges that the $100 rate he requests is supported by the *Laffey* Matrix, a nationwide survey of paralegal billing rates.

Defendant does not specifically address the *Laffey* Matrix, which Plaintiff presented only in his reply brief. The court notes that the Matrix suggests that paralegals employed in the Great Lakes Region (Illinois, Indiana, Michigan, Ohio, and Wisconsin) were billed at an average rate of $85 in 2002. Plaintiff is probably correct that Chicago-area paralegals are likely to command a rate higher than average for this Region. He is also correct that rates would be expected to rise at least modestly since 2002. In the court's view, however, Plaintiff's calculations do not account for the fact that, regardless of their considerable talents, the paralegals here had comparatively brief experience. The *Laffey* Matrix demonstrates that paralegals with greater years of experience command higher billing rates. The court will reduce the amounts claimed for Plaintiff's paralegals

to $85.00 per hour.

## **CONCLUSION**

The court grants Plaintiff's application (Doc Nos. 27-1, -2) in part and denies it in part. Plaintiff calculates the hours devoted by his legal staff as 27.60 hours, but this court's addition of the time listed in Plaintiff's fee petition results in a total of 27.30 hours. As noted, the court has reduced this total by 1.25 hours of attorney time and by 2.25 hours of paralegal time. The award is reduced further to reflect the hourly rate of $85.00. for Ms. Blaz and Ms. Aloe. The total award is:

| | | |
|---|---|---|
| 5 hours of attorney time in 2002 @ $146.25 | = | $ 731.25 |
| 9 hours of attorney time in 2002 @ $147.50 | = | 1,327.50 |
| 9.8 hours of paralegal time @ $85.00 | = | 833.00 |
| Total: | | $2,891.75 |

In addition, the court awards the following additional amounts for counsel's preparation of the reply memorandum:

| | | |
|---|---|---|
| 1 hour of attorney time @ $147.50 | = | $147.50 |
| 4 hours of paralegal time @ 85.00 | = | 340.00 |
| Total: | | $487.50 |

Finally, the court awards:

| | |
|---|---|
| copying costs | $30.00 |
| filing fee | $150.00 |
| **Total EAJA award:** | **$3,559.25** |

ENTER:

Dated: February 23, 2004

REBECCA R. PALLMEYER
United States District Judge

5